Hillman, J.
The plaintiff brings this action seeking reimbursement for medical expenses that she claims were due under the Personal Injury Protection part of her automobile insurance policy with the defendant Trust Insurance Company (Trust). Her four count complaint seeks $1,380.00 under a theory of breach of the insurance contract (count I), costs and attorneys fees under G.L.c. 90 s. 34M (counts II and III), and multiple damages under G.L.c. 93A and c. 176 (count IV). The defendant alleges that all of the plaintiffs reasonable and necessary medical expenses were paid and that this remaining balance of $1,380.00 is not their responsibility because the plaintiff failed to cooperate in Trust’s investigation of the claim, was late in filing the PIP claim, and the treatment at issue was not necessary.
On October 4, 1995 the plaintiffs automobile was rear ended while she was driving. The force of the impact drove her vehicle forward 5 feet even though she had her feet on the brakes. The impact from the collision caused front end damage to the vehicle that struck her including buckling the hood of that car. The plaintiff immediately reported the accident to her insurance agent who faxed a report of accident to Trust. The plaintiff received medical treatment which included chiropractic treatment from a Dr. Chassman. Dr. Chassman treated the plaintiff from the day after the accident to September of 1996.
Approximately one week after the accident Trust sent the plaintiff a PIP form which included the standard medical authorization enabling Truct to verify and evaluate the plaintiffs medical claims. That authorization was not returned until three months later in January of 1996. In March of 1996 Trust had the plaintiff examined by their own doctor who opined that the plaintiff had reached an end result. Trust accordingly informed the plaintiff that they would pay no more of her chiropractic bills. Despite that warning the plaintiff continued to treat with Dr. Chassman until September 4, 1996. On September 13, 1996 the plaintiffs medical bills were forwarded to Trust for payment. Trust paid all bills except for Dr. Chassman’s chiropractic bills for treatment after March 8th of 1996.
M.G.L.c. 90, s. 34M, the Personal Injury Protection Statute provides in pertinent part that:
Claim for benefits due under the provisions of Personal Injury Protection or from the insurer assigned shall be presented to the company providing such benefits as soon as practicable after the accident occurs from which such claim arises, and in every case, within at least two years from the date of the accident. . .
The defendant claims that the plaintiff has failed to cooperate by not making claim for PIP benefits in a timely manner i.e. “as soon as practicable after the accident.” They further claim that the plaintiff has faded to cooperate with them by not bringing certain medical records with her to the independent medical exam that was set up by Trust to evaluate her condition.
Actual prejudice to an insurer’s interest due to lack of an insured’s cooperation must be demonstrated before a denial of coverage will be permitted. Darcy v. Harfford Insurance Co., 407 Mass. 481, 488 (1990). Under the rule of Darcy there must be an affirmative showing of actual prejudice resulting from the breach. Trust points out that they did not receive the executed PIP form until January of 1996, some three months after the accident. While the length of the delay is a relevant factor to be considered, the length of the delay must be accompanied by a showing of some other facts or circumstances which demonstrate that the insurer’ interests have actually been harmed. Darcy, supra at 486.
The plaintiff was still treating with all three of the doctors for whom she made claim for PIP benefit when Trust ultimately received the PIP form in January of 1996. Based upon the information provided by that form, and presumably the annexed medical authorization, Trust determined to set up an independent medical exam to evaluate the plaintiffs condition. That exam determined that they would not pay further chiropractic expenses and they communicated this fact to the plaintiffs counsel. Significantly, when plaintiffs counsel submitted the plaintiffs bills in September of 1996 Trust paid the bills of Dr. Kereshi and Dr. Moore.
What prejudice, if any, that Trust suffered from the late filing and plaintiffs failure to provide additional medical records to her independent medical exam has not been shown. The defendant directs the court to the case of Hodnett v. Arabella Mutual, 1996 Mass.App.Div. 131 (1996), as authority for the proposition that the failure of an insured to attend an *424 independent medical examination at the request of the insurer is per se non cooperation and thus there is no need for the insurer to show that it was prejudiced. This situation is not analogous to Hodnett. In Hodnett, the insured did not attend the exam. In the case at bar the plaintiff attended but did not bring certain medical records with her that were requested. Admittedly, the requested records would have made the examining doctor’s job easier. Nevertheless, the examining doctor opined that the plaintiff had reached an end result and that opinion was the basis of Trust’s letter of March 20, 1996 to plaintiffs counsel that they would not cover chiropractic treatment after March 21st of 1996.
It therefore remains for this court to determine whether the additional $1,380.00 in chiropractic expenses from March of 1996 to September of 1996 were necessary and reasonable. The Personal Injury Protection part of automobile insurance policy with Trust provided that Trust must pay
all reasonable expenses incurred within two years from the date of accident for necessary medical, surgical, x-ray, and dental service . . .
Trust’s decision not to pay further chiropractic expenses after March 20, 1996 was based upon the independent medical exam. The report of that exam was entered into evidence in this case and no medical evidence was submitted by the plaintiff which would indicate that chiropractic treatment after that date was appropriate. That uncontroverted report mandates that this court find that the chiropractic expenses of the plaintiff incurred after March 20, 1996 were not “reasonable and necessary.”
Since this court must find that the chiropractic bills at issue were reasonable and necessary as a predicate to the further relief that the plaintiff seeks through G.L.c. 93a and 176 judgment shall enter for the defendant on all counts.